IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


EUGENE LONG,
    Plaintiff,

vs.                                                    Case No.: 3:10cv365/RV/EMT

T.M. REYES, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff, a prisoner proceeding pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 5).

      Because Plaintiff is proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious.

      Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (*see* Doc. 1 at 3–5).[1] Question C of Section IV asks, "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id.* at 5). Where there is a parenthetical area to

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

mark either a "Yes" or "No" answer to this question, Plaintiff marked "Yes" (*id.*). Question C further states, "If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below." (*id.*). Plaintiff responded by disclosing Long v. McNeil, Case No. 1D103368, filed in the Florida First District Court of Appeal (First DCA) on February 22, 2010 (*id.*).[2] Plaintiff thus stated that he has <u>not</u> initiated any actions in either state or federal court that relate to the fact or manner of his incarceration or the conditions of his confinement except the cases filed in the state court (*id.*). At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (*id.* at 8).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Spires v. Taylor, Order of Dismissal, Case No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000). Further, since prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed his complaint in the instant case, September 19, 2010 (*see* Doc. 1

---

[2] In response to Question A of Section IV, Plaintiff disclosed two other cases he filed in state court: (1) Long v. McNeil, Case No. 2010 CA 002357, filed in the Circuit Court in and for Leon County, Florida, and (2) Long v. McNeil, Case No. 2010 CA 002591, also filed in the Leon County Circuit Court (Doc. 1 at 3–4).

Case No.: 3:10cv365/RV/EMT

at 8), he had previously filed <u>Long v. Diermyer, et al.</u>, Case No. 3:10cv356/LAC/MD in this district court.[3]  Further review reveals that the case relates to the conditions of Plaintiff's confinement (the complaint alleges two correctional officers at Santa Rosa Correctional Institution used excessive force against him, retaliated against him for filing grievances, and refused to permit him to appear at a disciplinary hearing).  <u>Long v. Diermyer, et al.</u>, Case No. 3:10cv356/LAC/MD , Complaint (N.D. Fla. Sept. 14, 2010).  Plaintiff did not list this case in Section IV of his complaint, even though it qualified as a federal court action that was responsive to Question C and should have been included in Plaintiff's answer to that question.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, Plaintiff falsely responded to questions on the complaint form, as detailed above.  Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers.[4]  If Plaintiff suffered no penalty for his incomplete and thus untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause

---

[3] According to the docket, the inmate number of the plaintiff in Case No. 3:10cv356/LAC/MD, that is, Inmate #A-J09655, is the same as Plaintiff's (*see* Doc. 1 at 1).

[4] Indeed, section IV of the complaint form includes the following notice:  "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* Doc. 1 at 3) (emphasis and capitalization in original).

Case No.: 3:10cv365/RV/EMT

without prejudice.[5]  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITHOUT PREJUDICE** as malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

At Pensacola, Florida, this 2nd day of November 2010.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[5] Dismissal without prejudice is not too severe a sanction under these circumstances.  Plaintiff is free to re-file if he so chooses.  *See* Order of Dismissal, Spires, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

Case No.: 3:10cv365/RV/EMT